IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MELVIN FORREST BERRY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-250 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR WRIT OF HABEAS CORPUS

In this habeas corpus proceeding, petitioner MELVIN FORREST BERRY, JR. challenges a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

### I.
### PROCEEDINGS

Petitioner was charged in disciplinary case number 20140008953 with the offense of refusing to accept a housing assignment. At a disciplinary hearing held September 13, 2013, petitioner was found guilty and assessed punishment including forty-five (45) days of loss of commissary privileges, forty-five (45) days loss of recreation, fifteen (15) days forfeiture of accrued good time and a reduction in line class from L1 to L2. Following the finding of guilty, petitioner filed multiple Step 1 and Step 2 grievances which were either denied or screened as

inappropriate or redundant. The instant federal habeas corpus petition followed.

Petitioner BERRY requests this Court overturn the disciplinary case, restore his good time credits, restore his line class status and prevent prison authorities from charging him with the same offense. Petitioner presents three issues including (1) the denial of his right to appeal, (2) a lack of due process in that the hearing officer was biased against him and (3) a lack of due process in that the hearing officer relied on inaccurate evidence.[1] For the reasons set forth below, the Court finds petitioner's allegations are without merit.

## II.
## MERITS

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). If a prisoner contends his unit of incarceration has deprived him of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S.Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because federal habeas corpus is meant to redress the violation of a

---

[1] As stated by respondent, petitioner listed the denial of a right to appeal and violation of due process as his claims. Petitioner then elaborates in his due process argument including both bias and evidentiary issues. As did respondent, the Court will address these as separate claims.

liberty interest, when a habeas claim is brought in the context of a challenge to a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and must have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *Id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

The practical consequence of this rule is that a prisoner may not challenge in federal habeas corpus the loss of recreation or commissary privileges. *Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). He may not challenge his confinement to administrative segregation. *Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. He may not challenge a change in his time earning status, as the Fifth Circuit has specifically held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

As a result, petitioner BERRY may only challenge the 15-day forfeiture of accrued good time.

### *Denial of Right to Appeal*

Petitioner BERRY alleges he was denied his right to appeal the outcome of the disciplinary proceeding. A review of the Disciplinary Grievance Record (DGR)[2] shows that petitioner filed four Step 1 Offender Grievance Forms, the first one was denied October 15, 2013 (DGR at 3-4), the second one was returned as "inappropriate" (DGR at 5-6), the third one was

---

[2] The Disciplinary Grievance Record can be found at Dkt. 20-1.

returned as "redundant" (DGR at 7-8) and the fourth one contained a response dated December 19, 2013 (DGR at 14-15). Petitioner also filed, on September 24, 2013, a Step 1 Grievance Form in which he marked through the title and hand wrote "Appeal" (DGR at 9-11). This document was returned as "redundant." On October 21, 2013 petitioner filed a Step 2 Grievance which contained an undated denial (DGR at 12-13). On January 6, 2014 petitioner filed another Step 2 Grievance which was denied January 9, 2014 (DGR at 16-17).

Although petitioner filed seven grievances, he continues to maintain he was denied the right of appeal. TDCJ procedure requires the Disciplinary Hearing Officer (DHO) to notify an offender, at the conclusion of a disciplinary hearing, that he may appeal the DHO decision and inform the offender of the process for doing so. The process requires an offender to file a Step 1 Grievance within fifteen days of the DHO decision. If unsatisfied with the Response, the offender may file a Step 2 Grievance. This is the extent of the prison appellate process. It appears petitioner is making a semantic argument *i.e.* he appears to maintain he did not want to file a "grievance" but wanted to file an "appeal" and was denied the right to do so. However, as stated above, the process by which to appeal an unfavorable disciplinary decision requires an offender to utilize the Step 1 and Step 2 "Grievance Form." This is the appellate remedy available and petitioner BERRY took full advantage of the process. Petitioner's claim is without merit.

*Impartial Disciplinary Hearing Officer*

Petitioner next argues the DHO was biased against him in violation of his due process rights. Specifically, petitioner BERRY argues the DHO is generally biased against prison inmates and specifically, the DHO would not allow into evidence the issue of whether the prison

had handicap shower facilities, but instead relied on information obtained outside the hearing that the Neal Unit did not have handicap showers. A review of the Hearing Tape submitted by respondent shows the DHO received information, prior to the disciplinary hearing from the facility's Risk Management personnel, that the Neal Unit had no handicap showers. This information, according to respondent, was later proven inaccurate. (Dkt. 18 at 18, Hearing Tape[3]).

Nothing in the record indicates the DHO was predisposed to find petitioner guilty or that the finding of guilt was based on less than constitutionally sufficient evidence. *See Ross v. Estelle,* 694 F.2d at 1011 (5th Cir. 1983). The record reflects ample evidence to support the DHO's finding of petitioner's guilt of the prison disciplinary offense of failure to accept a housing assignment. *See Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981); *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001).

Even if the Neal Unit did have handicap shower facilities and the DHO was misinformed when she relied on evidence to the contrary, the Court's analysis remains the same. The failure to follow a prison order was the basis for the disciplinary case. Petitioner BERRY was notified of his right to call witnesses and his right to present documentary evidence. (Disciplinary Hearing Record (DHR) at 10).[4] The record submitted to this Court contains witness statements from five witnesses including inmate Moses (DHR at 11) and inmate Gilliam (DHR at 12) and three correctional facility officers Schaef, Berrera and Wilson (DHR at 13-15). In addition to the

---

[3]A recording of the disciplinary hearing was forwarded to the Court by respondent and will be referred to herein as the Hearing Tape.

[4]The Disciplinary Hearing Record can be found at Dkt. 20-2.

charging officer's report and testimony, the DHO received three of the witness statements, two from inmates and one from Officer Shaef, into evidence. (DHR at 11-13, Hearing Tape). Both the charging officer and Officer Shaef testified that petitioner BERRY refused to move due to the shower issue. (DHR at 4, 12, Hearing Tape). According to one of the two inmates, petitioner did not like the situation but packed his belongings with assistance from another inmate. (DHR at 11). According to the second inmate, when he arrived to move into petitioner's old cell, petitioner had not moved out. (DHR at 12). Ultimately, petitioner was assisted with his packing and finally did move, but his *initial refusal* resulted in a disciplinary case, as petitioner had been warned. (*Id.*).

The credibility of witness testimony is a determination for the DHO. Petitioner has not demonstrated the DHO showed any bias in relying upon the testimony presented which included inmate testimony. Additionally, the burden to prove bias lies with petitioner. Petitioner was found guilty of refusing to follow a prison staff order and the evidence and testimony presented to the DHO supports that finding even though the DHO received erroneous information regarding the availability of handicapped showers. Petitioner would have to show that had the DHO been properly advised the prison unit had handicapped showers, she would have found him not guilty of the disciplinary offense. Petitioner has failed to make such a showing. Petitioner's remedy in this situation was not to disobey a direct order and refuse his cell assignment, but to comply and then seek a reassignment to a cell with a handicapped shower through the grievance procedure established at the prison for such situations. At most, petitioner may have had to go without a shower for a few days while his grievance was pending. Petitioner was able but refused to comply with the order of a change to his housing assignment. The Court finds

petitioner's claim in this regard to be without merit.

*Sufficiency of the Evidence*

To the extent petitioner contends the evidence was insufficient or inaccurate to support the determination of guilt in violation of his due process rights, the Court finds such claim to be without merit. The allegation against petitioner is that on September 6, 2013 he refused to accept a change in his housing assignment because according to him, he required a handicap shower. (DHR at 3). Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The federal court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

In this case, as discussed herein, the record contains witness statements from two inmates, a prison officer and the charging officer's report. These witness statements support the charging officer's report that petitioner BERRY initially refused to accept his new housing assignment. It does not matter whether this Court would have made the same determination based upon the record evidence because this Court cannot substitute its judgment for that of the TDCJ. *See Hudson*, 242 F.3d at 537. Rather, the Court is limited to determining whether there is "any evidence at all" supporting the determination of guilt. *See Id.* In this case, there was evidence in the form of the offense report as well as testimony of the charging officer, witness statements from two inmates and a witness statement from one officer. (DHR at 4, 11-13, Hearing Tape). Because there was some evidence indicating petitioner was guilty, this ground of error is without merit.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MELVIN FORREST BERRY, JR. be DENIED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of December 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).